OPINION OF THE COURT
Jasen, J.
In each of the cases before us, the Franklin Teachers Association demanded arbitration of a grievance filed by one of its members, Ruth Laing. Petitioner Franklin Central School seeks, in two separate proceedings, to stay both arbitrations. The issues presented on these appeals are whether a nonteaching civil service school employee who has become, by agreement, part of the collective bargaining unit comprised of noncivil service teaching employees should be afforded the benefit of a broad arbitration clause contained within the teachers’ collective bargaining agreement and whether arbitration is the proper forum in which to test such nonteaching *353 employee’s potential entitlement to other substantive terms of the collective bargaining agreement.
Ruth Laing was employed by petitioner Franklin Central School (hereinafter "the school district”) as a "school nurse-teacher”. During her employment in this noncivil service teaching position, Laing became a member of respondent Franklin Teachers Association (hereinafter "the teachers association”). On May 18, 1977, the board of education abolished the position of school nurse-teacher, effective June 30, 1977, and created in its stead a new nonteaching civil service "school nurse” position. Upon learning of the abolition of this teaching position, the teachers association filed an "improper practice” charge with the Public Employment Relations Board alleging that the school district’s "unilateral elimination” of the school nurse-teacher position was improper. At a prehearing conference between the school district and the teachers association, the improper practice charge was settled. Among the conditions of that settlement were that the newly created civil service position of school nurse would be offered to Ms. Laing on a probationary basis and that the new position would be "a part of the teaching unit for the purpose of negotiations under the provisions of the Civil Service Law.” Shortly after this settlement was achieved, the new school year began and Ms. Laing started her new position as school nurse at a salary substantially less than she had received as a school nurse-teacher.
In October, 1977, the teachers association filed a grievance against the school district alleging that Ms. Laing was "a member of the [collective] bargaining unit and [was] being paid improperly.” At root of this grievance is the notion that Laing, as a member of the collective bargaining unit, is entitled to the benefits of the previously negotiated collective bargaining agreement. After completion of the preliminary grievance procedures in the agreement, the teachers association demanded arbitration on February 24, 1978. The school district responded by- instituting a judicial proceeding pursuant to CPLR 7503 seeking a stay of the proposed arbitration upon the ground that the collective bargaining agreement was applicable only to teachers and not to a civil service school nurse.
Before any resolution could be reached on the merits of the above salary grievance and, indeed, before the proceeding to stay was commenced, a second dispute between the parties *354 arose. On March 6, 1978, shortly after the teachers association had demanded arbitration of the "salary grievance”, the school district terminated Ms. Laing’s employment as school nurse on the basis of alleged "unsatisfactory service”. The teachers association filed a grievance upon this issue as well, contending that under the terms of the teachers’ collective bargaining agreement Ms. Laing could not be terminated without "just cause” and again demanded arbitration. The school district in a separate proceeding sought a stay of arbitration, this time upon the ground that the "just cause” provision in the agreement applied only to tenured teachers and not to a civil service school nurse.
Supreme Court, Delaware County, denied the school district’s motion for a stay of arbitration of the "salary grievance”, holding that the school district’s agreement to expand the bargaining unit to include the school nurse gave Ms. Laing the right, as a member of such unit, to seek arbitration of any grievance arising under the collective bargaining agreement. The court, however, granted the stay of arbitration of the so-called "just cause grievance” upon the ground that the "just cause” provision of the collective bargaining agreement "obviously” applies only to tenured teachers. Thus, since Ms. Laing was not a "tenured teacher”, the court concluded that she "clearly is not entitled to the benefits of [the 'just cause’ provision].”
The Appellate Division affirmed both orders of Supreme Court. The court agreed with Special Term that although Ms. Laing was a member of the collective bargaining unit and was, therefore, able to arbitrate her salary dispute, she could not arbitrate her "just cause grievance” because that provision of the contract applied only to tenured employees. We cannot agree. In our view, both of the disputes in issue should be submitted to the arbitrator. We therefore affirm the order of the Appellate Division allowing arbitration of the salary dispute and reverse the order precluding arbitration of the "just cause” dispute.
A threshold question on this appeal is whether the collective bargaining agreement and the arbitration provisions contained therein apply at all to the position of school nurse. Inasmuch as this question involves only a determination of whether an agreement to arbitrate exists and has nothing whatever to do with the merits of the dispute sought to be arbitrated, it is a question for the court to decide. (Matter of *355 Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509.) Both of the courts below held that the settlement arrived at between the school district and the teachers association on the original "improper practice” charge, whereby the school district agreed to expand the scope of the teachers’ bargaining unit to include the school nurse, brought Ms. Laing, as a school nurse, within the scope of the collective bargaining agreement. We see no reason to disturb that holding. Having expressly agreed to include the position of school nurse in the teachers’ bargaining unit in settlement of an administrative claim of impropriety, it ill becomes the school district now to assert that this agreed change in status does not afford the school nurse the same contractual rights applicable to all other members of the bargaining unit.
This conclusion, however, does not end our inquiry. Once it is determined that the teachers association may invoke the collective bargaining agreement containing an arbitration clause on behalf of Ms. Laing, it remains to be determined whether the disputes in issue are arbitrable. The scope of judicial review on this question is, of course, very limited. In determining whether a public employee dispute is arbitrable, a court can only concern itself with two questions, to wit: (1) whether arbitration of the subject matter of the dispute is permissible under the Taylor Law (Civil Service Law, art 14) and is allowable as a matter of public policy; and (2) whether the parties agreed by the terms of their arbitration clause to submit such disputes to arbitration. (Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.], 42 NY2d 509, 513, supra.) If it is determined that the arbitration clause is broad enough to encompass the subject matter of the dispute, any question whether a substantive portion of the agreement in issue entitles the grievant to the relief sought is for the arbitrator to decide. (Board of Educ. v Barni, 49 NY2d 311, 314-315.) Applying these standards to the case before us, we conclude that both the "salary grievance” and the "just cause grievance” are arbitrable.
There appears to be no question that both a salary dispute and a dispute over the propriety of the termination of a probationary civil service employee are matters which the Taylor Law would not require to be excluded from arbitration. The school district cannot seriously contend otherwise. Thus, this first prong of the Liverpool test is satisfied.
*356 It also seems clear that the disputes in issue fall within the extremely broad ambit of the arbitration clause. Article 29 of the collective bargaining agreement between the teachers association and the school district provides that after some preliminary procedures have been completed, all "grievances” are arbitrable. The agreement defines the term "grievance” in the broadest possible terms, including, inter alia, "any claimed violation, misinterpretation, mis-application or inequitable application” of the substantive terms of the agreement.*
Thus, the teachers association’s claim that the school nurse is being improperly paid is, in our view, arbitrable, for it presents only the question whether one of the substantive terms of the collective bargaining agreement — the salary schedule — is being properly applied by the school district. The same may be said of the so-called "just cause grievance”. This grievance calls into question the applicability of article 27 of the agreement which states in full: "No teacher granted tenure will be dismissed without just cause.” The school district’s argument that it is clear that a probationary civil service school nurse is not a "tenured teacher” within the meaning of the agreement does not change the fact that the dispute involves a question of contractual interpretation which must be left to the arbitrator. Since the parties agreed to submit the merits of their disputes to arbitration, the courts should not stay arbitration upon the ground that a claim is meritless for it is precisely that issue which the arbitrator is to decide.
Indeed, we have only recently stated that no stay of arbitration is available where "the parties’ agreement to arbitrate the dispute is clear and unequivocal but there is some ambiguity as to the coverage of the applicable substantive provision of the contract.” (Board of Educ. v Barni, 49 NY2d 311, 314- *357 315, supra; see, also, Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn., 48 NY2d 669; Matter of Board of Educ. v Roosevelt Teachers Assn., 47 NY2d 748.) Thus, where, as here, the grievant has shown that the substance of the dispute in issue is within the scope of the arbitration clause, arbitration should not be stayed upon the ground that the substantive merits of the claim are weak.
Accordingly, the order of the Appellate Division affirming Special Term’s denial of a stay of arbitration of the "salary grievance” should be affirmed, and the order of the Appellate Division affirming Special Term’s grant of a stay of arbitration on the "just cause grievance” should be reversed, with costs, and appellant’s cross motion to compel arbitration granted.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
In the first above-entitled proceeding: Order affirmed, with costs.
In the second above-entitled proceeding: Order reversed, with costs, and appellant’s cross motion to compel arbitration granted.

 The contractual provision defining the term "grievance” provides in full: "1) A Grievance is a claim by any teacher or group of teachers in the negotiating unit based upon any event or condition affecting their welfare and/or terms and conditions of employment, including, but not limited to, any claimed violation, misinterpretation, misapplication or inequitable application of law, rules, or regulations having the force of law, this Agreement, policies, rules, by-laws, regulations, directions, orders, work rules, procedures, practices or customs of the Board of Education and administration.” Although, by its terms, the agreement refers only to claims "by any teacher or group of teachers in the negotiating unit”, as noted earlier, we believe the expansion of the negotiating unit to include the school nurse brought Ms. Laing, as school nurse, within the ambit of the agreement. Having decided that the arbitration clause is applicable to Ms. Laing, the only question remaining is whether the substance of the dispute falls within the scope of the arbitration clause.