◼ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Appellant, v SONNY HALL, as President of Local 100, Transport Workers Union, et al., Respondents.—In a proceeding pursuant to CPLR 7503 (b) to stay arbitration, the petitioner appeals from an order of the Supreme Court, Kings County (Morton, J.), entered July 14, 1986, which denied the application.

Ordered that the order is affirmed, with costs.

In view of the "extremely broad ambit of the arbitration clause" involved in the proceeding at bar, the Supreme Court correctly determined that the dispute between the parties was arbitrable (Matter of Franklin Cent. School [Franklin Teachers Assn.], 51 NY2d 348, 356).

Further, the petitioner argues that its application to stay arbitration should have been granted on the ground that the request for arbitration is time barred pursuant to CPLR 7502 (b). That subdivision provides as follows: "Limitation of time. If, at the time that a demand for arbitration was made or a notice of intention to arbitrate was served, the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state, a party may assert the limitation as a bar to the arbitration on an application to the court as provided in section 7503 or subdivision (b) of section 7511".

The petitioner argues that the claim sought to be arbitrated herein, if asserted "in a court of the state", would have been barred by the four-month Statute of Limitations (CPLR 217) applicable to CPLR article 78 proceedings, since the request for arbitration was made 11 months after the employee's dismissal.

We disagree with this argument since the request for arbitration was made within four months after the petitioner, on November 20, 1985, rejected the employee's grievance at the step 5 level (see, Anderson v County of Suffolk, 97 AD2d 448,

449). Accordingly, the Supreme Court properly denied the petitioner's application to stay arbitration. Mangano, J. P., Thompson, Kunzeman and Sullivan, JJ., concur.