■ In the Matter of BOARD OF EDUCATION OF THE COLD SPRING HARBOR CENTRAL SCHOOL DISTRICT, Appellant, v COLD SPRING HARBOR ASSOCIATION OF EDUCATION RESOURCE PERSONNEL, Respondent.—In a proceeding pursuant to CPLR 7503 (b) to stay arbitration, the petitioner appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered July 18, 1989, which denied the application.

Ordered that the order is affirmed, with costs.

The petitioner and the respondent are parties to a collective bargaining agreement. Article XIII of that agreement, governing rates of pay, provides that all "new hirees" were to be placed on step 2 of that salary schedule. It is undisputed that the petitioner placed two newly hired teacher aides on step 3 of the salary schedule. The respondent filed a grievance challenging that placement of the newly hired teacher aides as a violation of the collective bargaining agreement. When the grievance could not be resolved, the respondent served a demand for arbitration upon the petitioner. The petitioner then commenced this proceeding to stay the arbitration. The Supreme Court denied the petitioner's application, and we affirm.

The collective bargaining agreement in this case clearly provides that recourse to arbitration is available to members of the respondent for any violation of its express provisions.

Since it is undisputed that the petitioner has violated article XIII of the collective bargaining agreement, the respondent is entitled to arbitration *(see, Matter of Franklin Cent. School [Franklin Teachers Assn.],* 51 NY2d 348). The respondent is an interested party, since one of its legitimate concerns is that all newly hired teacher aides are paid equally. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.