■ In the Matter of DETECTIVES' ENDOWMENT ASSOCIATION, INC. OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK, Respondent, v CITY OF NEW YORK et al., Appellants. [4 NYS3d 9]—

Judgment, Supreme Court, New York County (Geoffrey D. Wright, J.), entered May 17, 2013, inter alia, granting the petition to annul a determination of respondent New York City Board of Collective Bargaining (Board), dated December 20, 2011, which denied a request for arbitration of a grievance filed by petitioner, annulling the determination, and directing the parties to proceed to arbitration of the grievance forthwith, unanimously reversed, on the law, without costs, the judgment vacated, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.

The Board's determination finding the grievance not arbitrable due to the lack of a reasonable relationship between the collective bargaining agreements and the claim that the New York City Police Department improperly departed from its past practice by paying salaries to detectives that were lower than those paid to officers (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 140 [1999]), had a rational basis and was not arbitrary and capricious (*Matter of New York City Dept. of Sanitation v MacDonald*, 87 NY2d 650, 656 [1996]).

Petitioner contends that its grievance alleged an "inequitable

application" of the parties' contracts, thereby satisfying the contractual definition of an arbitrable grievance, which includes such an "inequitable application." On the contrary, petitioner's claim that the contractually provided salary schedule improperly departed from the alleged past practice is not "relevant to the parties' contractual rights and responsibilities," in the absence of any contractual provision requiring the continuation of past practices as to salaries (*Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd.*, 21 NY3d 255, 266 [2013]; *see also Matter of Good Samaritan Hosp. v 1199 Natl. Health & Human Servs. Empls. Union*, 69 AD3d 721, 722 [2d Dept 2010]). There is no claim that the alleged past practice would have been relevant to any contractual issue, such as the interpretation of an ambiguous provision (*see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 332 [1998]). Concur—Sweeny, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.