■ In the Matter of NEW YORK CITY TRANSIT AUTHORITY, Respondent, v TRANSPORT WORKERS UNION OF GREATER NEW YORK LOCAL 100, Appellant. [14 NYS3d 15]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 22, 2014, which granted plaintiff New York City Transit Authority's (TA) motion to permanently stay arbitration, unanimously affirmed, without costs.

Respondent Transport Workers Union of Greater New York Local 100 (TWU) brought a contract interpretation grievance against the New York City Transit Authority, asserting that, pursuant to section 5.2 (j) of the TWU Collective Bargaining Agreement (CBA), bus maintenance employees who had trained in TWUs Divisional area, and who were, following training, initially assigned to Staten Island despite their pref-

erence for an initial assignment location in Brooklyn, because no other positions were available at that time, were entitled to "transfer" back to Brooklyn when a new class of such employees graduated from training. When the TA denied the grievance, TWU scheduled arbitration, and TA brought the instant CPLR article 75 proceeding seeking a permanent stay of arbitration.

The court properly granted TA's motion, finding that TWU lacked standing to bring the grievance. TWU does not represent the subject employees in Staten Island. Rather, they are represented by Amalgamated Transit Union Local 726 (ATU). The employees, therefore, are not "covered employees" or a "group of such covered employees" on whose behalf a "contract interpretation grievance" may be brought under the TWU CBA.

Moreover, section 5.2 (j) applies to employees who were transferred out of their Division due to a lack of work in their title in that Division. These subject employees were not transferred out due to a lack of work, but were initially assigned to Staten Island, prior to which they were in training. That their preferred "school pick" was Brooklyn does not render section 5.2 (j) applicable since these employees were never employed in their title in Brooklyn. There is, therefore, no reasonable relation between the subject matter of the dispute and section 5.2 (j) (*see Matter of New York State Off. of Children & Family Servs. v Lanterman*, 14 NY3d 275, 283 [2010]).

Finally, TWU's grievance appears to be, in fact, an attempt to enforce a provision of the ATU CBA, on behalf of ATU members, which violates public policy (*see e.g. Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [Westchester County Civil Serv. Empls. Assn., Inc.]*, 23 PERB ¶ 3008 [PERB Nos. U-10884, U-11114, Feb. 22, 1990]; *Sperry Sys. Mgt. Div., Sperry Rand Corp. v National Labor Relations Bd.*, 492 F2d 63, 69 [2d Cir 1974], *cert denied* 419 US 831 [1974]; *Welch Scientific Co. v National Labor Relations Bd.*, 340 F2d 199, 202-203 [2d Cir 1965]), particularly since it risks generating an inconsistent result with a settlement of a similar contract interpretation grievance brought by ATU, on behalf of the ATU members and under the ATU CBA.

We have examined TWU's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Saxe, Richter and Manzanet-Daniels, JJ.