Matter of Michel v City of Lackawanna (2018 NY Slip Op 02070)





Matter of Michel v City of Lackawanna


2018 NY Slip Op 02070


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


291 CA 17-01614

[*1]IN THE MATTER OF JAMES L. MICHEL, JR., PETITIONER-APPELLANT,
v
CITY OF LACKAWANNA, RESPONDENT-RESPONDENT. 






GROSS SHUMAN P.C., BUFFALO (HARRY J. FORREST OF COUNSEL), FOR PETITIONER-APPELLANT. 
HODGSON RUSS LLP, BUFFALO (MICHAEL B. RISMAN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (John F. O'Donnell, J.), entered January 9, 2017 in a proceeding pursuant to CPLR article 78. The judgment denied the motion of petitioner for summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to reinstate the compensation and benefits to which he allegedly was entitled pursuant to a contract between the parties. Thereafter, he moved for summary judgment on the ground that he was unlawfully denied the procedural protections due to him under section 75 of the Civil Service Law. Supreme Court properly denied the motion. Section 75 provides that certain civil servants "shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges" (§ 75 [1]). It is well settled that the statute "prescribes the procedures for removal of a protected employee charged with delinquencies in the performance of his [or her] job" (Mandelkern v City of Buffalo, 64 AD2d 279, 281 [4th Dept 1978]; see Matter of New York State Off. of Children & Family Servs. v Lanterman, 14 NY3d 275, 282 [2010]). Here, it is undisputed that petitioner did not engage in any conduct that would have subjected him to allegations of incompetence or misconduct. Thus, we conclude that section 75 of the Civil Service Law is inapplicable (see generally Lanterman, 14 NY3d at 282-283; cf. Matter of Butkowski v Kiefer, 140 AD3d 1755, 1755-1756 [4th Dept 2016]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court