Matter of O'Reilly v Board of Educ. of the City Sch. Dist. of the City of N.Y. (2024 NY Slip Op 05130)

Matter of O'Reilly v Board of Educ. of the City Sch. Dist. of the City of N.Y.

2024 NY Slip Op 05130

Decided on October 17, 2024

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 17, 2024

No. 77 

[*1]In the Matter of Christine O'Reilly, Appellant,
v
Board of Education of the City School District of the City of New York, et al., Respondents. (And Three Other Proceedings.)
No. 78 In the Matter of Athena Clarke, Appellant,
v
Board of Education of the City School District of the City of New York, et al.,
 Respondents. (And Three Other Proceedings.)

Case Nos. 77 & 78:
Jimmy F. Wagner, for appellant. 
Jesse A. Townsend, for respondents. 

MEMORANDUM.:
On each appeal, the Appellate Division order should be affirmed, with costs, and the certified question not answered as unnecessary.
Petitioners, tenured public school teachers employed by the Board of Education of the City School District of the City of New York (BOE), brought CPLR article 75 and 78 petitions challenging their placement on leave without pay status after they failed to submit proof of vaccination in accordance with the vaccination requirement imposed on BOE employees by the Commissioner of the New York City Department of Health and Mental Hygiene (the Health Commissioner). Because the Appellate Division properly affirmed dismissal of these petitions, we affirm.
In August 2021, during the public health emergency caused by COVID-19, the Health Commissioner determined "that it is necessary for the health and safety of the City and its residents" to require vaccination, and so issued a mandate requiring all BOE staff to provide proof of vaccination by a date certain. The Health Commissioner explained that "the CDC has recommended that school teachers and staff be vaccinated as soon as possible because vaccination is the most critical strategy to help schools safely resume full operations," noting that DOE "serves approximately 1 million students across the City, including students in the communities that have been disproportionately affected by the COVID-19 pandemic and students who are too young to be eligible to be vaccinated." This mandate was later expanded to include employees of other city agencies, as well as individuals entering certain indoor dining, entertainment, and commercial venues. The United Federation of Teachers (UFT), the union representing a majority of teachers in NYC public schools, began negotiations with the BOE over implementation of the requirement and the impact on its members. When those negotiations failed, the parties filed a declaration of impasse in accordance with Civil Service Law § 209, and entered into mediation, followed by arbitration.
In September 2021, the arbitrator issued the Impact Award, which established mechanisms for the vaccine requirement's implementation. The award provided that "[a]ny unvaccinated employee who has not requested an exemption . . . , or who has requested an exemption which has been denied, may be placed by the BOE on leave without pay" and "[p]lacement on leave without pay for these reasons shall not be considered a disciplinary action for any purpose." While on leave without pay, employees would remain eligible for health insurance, and "[e]mployees who become vaccinated while on such leave without pay and provide appropriate documentation to the BOE prior to November 30, 2021, shall have a right of return to the same school." The award outlined separation options for those employees who remained on leave without pay, and advised employees on leave who had not chosen any of the proffered separation options that by December 1, 2021, the BOE "shall seek to unilaterally separate" these employees.
Petitioners were placed on leave without pay after failing to submit proof of vaccination by the deadline. They each filed nearly identical petitions under article 75, seeking to vacate the Impact Award, and under article 78, seeking to annul their placement on leave without pay and alleging that the BOE violated Education Law §§ 3020 and 3020-a by doing so without providing hearings under those provisions. Four separate Supreme Court judges denied the petitions, generally holding that the article 78 petition was meritless because petitioners were not entitled to Education Law §§ 3020 and 3020-a hearings and that petitioners lacked standing to bring article 75 petitions and failed to join UFT as a necessary party. On appeal, the Appellate Division affirmed the determinations and dismissed the petitions in two separate decisions (213 AD3d 560 [1st Dept 2023]; 213 AD3d 548 [1st Dept 2023]). The Appellate Division held that "petitioners' placement on leave for failure to prove vaccination, a condition of employment, is 'unrelated to job performance, misconduct or competency' and does not constitute 'teacher discipline' " subject to the procedures mandated by "Education Law §§ 3020 (Discipline of teachers) and 3020-a (Disciplinary procedures and penalties)" (213 AD3d at 566, quoting Matter of Beck-Nichols v Bianco, 20 NY3d 540, 558-559 [2013]; 213 AD3d at 550). We now affirm.
Petitioners were not entitled to the hearing procedures outlined in Education Law §§ 3020 and 3020-a before being placed on leave without pay. These statutory provisions establish a detailed and comprehensive system for conducting disciplinary hearings for tenured teachers. While tenured teachers have a right to these statutory hearings when faced with disciplinary proceedings, these provisions are not applicable to petitioners, who were placed on leave without pay for failure to comply with the vaccine mandate, a condition of employment.
This Court has long distinguished between disciplinary proceedings and employment conditions for employees entitled to statutory civil service protections, and has held that statutory hearings are not warranted when employment eligibility conditions are enforced (see Matter of Felix v New York City Dept. of Citywide Admin. Servs., 3 NY3d 498, 505 [2004]; see also Matter of New York State Off. of Children & Family Servs. v Lanterman, 14 NY3d 275, 282-283 [2010]). We have explicitly applied this distinction in the context of tenured teachers, holding that a teacher terminated for failure to comply with a requirement that "defines eligibility for employment" is not entitled to Education Law §§ 3020 and 3020-a hearings (Beck-Nichols, 20 NY3d at 558). Petitioners, who do not challenge imposition of the vaccine mandate here, did not face disciplinary proceedings, but instead failed to comply with "a condition of employment" that was "unrelated to job performance, misconduct or competency" (Felix, 3 NY3d at 501, 505).
In terms of process, the UFT negotiated with the BOE over every aspect of the imposition of the mandate, which in the first instance was imposed by the Health Commissioner. As set out in Civil Service Law § 209, the UFT and the BOE negotiated, then engaged in mediation, and finally entered into arbitration over the implementation of the mandate and its impact on UFT's members. Indeed, one of the points of contention between the parties leading to the filing of an impasse declaration concerned the placement of teachers who failed to submit proof of vaccination on leave without pay. The UFT subsequently agreed to be bound by the Impact Award established by the arbitrator, and once the arbitrator issued the award, teachers received ample notice of the Impact Award's provisions. Under these circumstances, petitioners were not entitled to hearings in accordance with Education Law §§ 3020 and 3020-a (see Beck-Nichols v Bianco, 20 NY3d at 558-559), nor were their due process rights violated (see id. at 559, citing Matter of Prue v Hunt, 78 NY2d 364, 368 [1991]). Accordingly, their requests for article 78 relief were properly denied.
Finally, we agree with the Appellate Division that the requests for article 75 relief were properly rejected because petitioners lacked standing and failed to join UFT as a necessary party, as required for petitioners to allege that UFT violated its duty of fair representation.
In each case:
Order affirmed, with costs, and certified question not answered as unnecessary, in a memorandum. Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Troutman, Halligan and Taylor concur. Judge Rivera took no part.
Decided October 17, 2024