Matter of Uniformed Firefighters Assn. of Greater N.Y. Local 94, IAFF, AFL-CIO v City of New York (2025 NY Slip Op 01596)

Matter of Uniformed Firefighters Assn. of Greater N.Y. Local 94, IAFF, AFL-CIO v City of New York

2025 NY Slip Op 01596

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 159305/22|Appeal No. 3929|Case No. 2024-01024|

[*1]In the Matter of Uniformed Firefighters Association of Greater New York Local 94, IAFF, AFL-CIO, Petitioner-Appellant,
v
The City of New York et al., Respondents-Respondents.

Certilman Balin Adler & Hyman, LLP, East Meadow (Paul S. Linzer and Jennifer A. Bentley of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for The City of New York and The Fire Department of the City of New York, respondents.
New York City of Collective Bargaining, New York (Brian Zapert of counsel), for the New York City Board of Collective Bargaining, respondent.

Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about January 16, 2024, which denied the petition to annul the September 28, 2022 determination of respondent The New York City Board of Collective Bargaining (BCB) that petitioner's grievance was not arbitrable in part, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
This proceeding arises from the attempt by petitioner Uniformed Firefighters Association of Greater New York Local 94, IAFF, AFL-CIO (UFA), to arbitrate the consequences of certain of its members' failure to comply with the COVID-19 vaccine mandate applicable to New York City employees. As relevant to this appeal, the BCB found that although certain issues asserted in the petition were arbitrable, issues concerning the placement of unvaccinated bargaining unit members on leave without pay (LWOP) were not arbitrable.
BCB's finding regarding the arbitrability of issues relating to placement on LWOP was not arbitrary and capricious or contrary to law (see CPLR 7803[3]; Administrative Code of City of NY § 12-309[a][3]); Matter of New York City Dept. of Sanitation v MacDonald, 87 NY2d 650, 656 [1996]; Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Under the two-pronged test to determine whether a dispute is arbitrable pursuant to Court of Appeals precedent, the BCB must first determine whether the parties may arbitrate the dispute by inquiring if "there is any statutory, constitutional or public policy prohibition against arbitration of the grievance" (Matter of City of Johnstown [Johnston Police Benevolent Assn.], 99 NY2d 273, 278 [2002]). If there is a prohibition, the inquiry ends and an arbitrator cannot act. If no prohibition exists, as was the case here, the BCB then examines the parties' collective bargaining agreement (CBA) to determine whether the parties in fact agreed to arbitrate the particular dispute (see id.; see also MacDonald, 87 NY2d at 655-656). The Board rationally found, under the second prong, that there was no "reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (Matter of New York State Off. of Children & Family Servs. v Lanterman, 14 NY3d 275, 283 [2010][citation omitted]).
We reject petitioner's argument that its members who failed to comply with the citywide vaccine mandate were deprived of rights under the regulations of respondent the Fire Department of the City of New York (FDNY). The cited regulation, FDNY regulation § 17.5.1, simply requires employees who want permission to go on special leaves of absence to apply in writing and explain the reasons for their request. It does not prohibit the FDNY from imposing leave in other circumstances, such as where these members fail to satisfy a condition of employment, nor does it address the FDNY's ability [*2]to do so (see Matter of O'Reilly v Board of Educ. of the City Sch. Dist. of the City of N.Y., 42 NY3d 986, 990-991 [2024]).
We also reject petitioner's assertion that its unvaccinated members were deprived of their rights to salary and related remuneration under the CBA because they were placed on LWOP. These members' failure to satisfy a condition of employment necessarily renders them unqualified for their position (see id.; Garland v New York City Fire Dept., 574 F Supp 3d 120, 129 [ED NY 2021]; see also We the Patriots USA, Inc. v Hochul, 17 F4th 266, 294 [2d Cir 2021], clarified 17 F4th 368 [2d Cir 2021], cert denied sub nom. Dr. A. v Hochul, — US &mdash, 142 S Ct 2569 [2022]). Therefore, it was not irrational for the Board to find that petitioner identified no right "to the continuation of contractual pay and benefits under these circumstances." On appeal, petitioner identifies no CBA provision that would allow its members to continue being paid for services not rendered upon their failure to satisfy a condition of employment (see e.g. Matter of Detectives' Endowment Assn., Inc. of the Police Dept. of the City of N.Y. v City of New York, 125 AD3d 475, 475-476 [1st Dept 2015]; Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO], 20 AD3d 859, 860 [3d Dept 2005]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025