■ In the Matter of SEAN MOOGAN, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [778 NYS2d 161]—

Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered December 4, 2002, which denied the petition as against respondent Fire Department and its Commissioner, and incorporated by reference an earlier dismissal of the proceeding as against respondent Department of Health and its Executive Deputy Commissioner, unanimously affirmed, without costs.

The earlier dismissal against the Department of Health was on the ground that petitioner had failed to include the legend "URGENT LEGAL MAIL" on the certified mail envelope sent to that

Department, as required by CPLR 307 (2). The statute expressly states that such service "shall not be effective" without this legend, clearly establishing it as a jurisdictional requirement (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C307:2, C307:3). That the Health Department may have received actual notice by other means is of no moment (*Macchia v Russo*, 67 NY2d 592 [1986]).

Petitioner was not entitled to a hearing pursuant to Civil Service Law § 75, or as a matter of state or federal constitutional due process, before he could be terminated based on the suspension of his EMT certification. There is no factual issue to be determined at a hearing, in light of the fact that petitioner's EMT certification was unquestionably suspended by the Health Department, and that such certification is a requirement for employment with the Fire Department (*see Matter of Naliboff v Davis*, 133 AD2d 632 [1987], *lv denied* 71 NY2d 805 [1988]).

There is no support for petitioner's assertion that the Commissioner of the Department of Citywide Administrative Services, as opposed to the Fire Commissioner, is vested with exclusive authority to terminate a permanent civil servant who loses his certification. The Fire Commissioner is vested with all necessary authority to govern, discipline and manage his department (NY City Charter § 487), as well as the powers, duties and responsibilities necessary to manage the personnel of his agency (§ 812). Concur—Buckley, P.J., Lerner, Friedman, Marlow and Sweeny, JJ.