In the Matter of ANDREA O'CONNOR, Appellant, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF NIAGARA FALLS, Respondent. (Proceeding No. 1.) In the Matter of DAWN SMITH-DeLUCA, Appellant, v BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF NIAGARA FALLS, Respondent. (Proceeding No. 2.) [852 NYS2d 537]—

Appeals from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered November 1, 2006 in proceedings pursuant to CPLR article 78. The judgment dismissed the petitions.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioners, tenured teachers previously employed by respondent, commenced these proceedings pursuant to CPLR article 78 seeking, inter alia, to annul their respective terminations and seeking reinstatement to their former positions. Petitioners were terminated from their employment based on their failure to comply with the residency policy set forth in the employment agreement signed by them, but they contend that they were entitled to a hearing pursuant to Education Law §§ 3020 and 3020-a and in accordance with their due process rights prior to their termination. Supreme Court properly dismissed the petitions. Those sections of the Education Law are inapplicable inasmuch as they address issues relating to a teacher's competency and the applicable disciplinary procedures and penalties attendant thereto, while the residency policy "is a consideration unrelated to job performance, misconduct or competency. It is a qualification of employment . . . [that respondent] may impose it if chooses to do so without running afoul of the Constitution or general laws of the State" (*Mandelkern v City of Buffalo*, 64 AD2d 279, 281 [1978]; *see also Matter of Felix v New York City Dept. of Citywide Admin. Servs.*, 3 NY3d 498 [2004]). Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.