In the Matter of MICHAEL A. STOLZMAN et al., Appellants, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [890 NYS2d 181]—

Stein, J.

Petitioner Michael A. Stolzman (hereinafter petitioner) was employed by respondent Department of Transportation (hereinafter respondent) as a bridge repair mechanic and was a member of petitioner Civil Service Employees Association, Inc. Local 1000, AFSCME, AFL-CIO (hereinafter CSEA). His commercial driver's license (hereinafter CDL) was suspended in connection with charges brought against him for driving while intoxicated. When respondent afforded petitioner an opportunity to demonstrate that he still possessed a valid CDL after his conviction of those charges, he was unable to do so. As a result, respondent terminated petitioner's employment for failure to possess the minimum qualifications for his position. Petitioners commenced this proceeding challenging such termination as arbitrary and capricious, contrary to law and without regard to applicable facts, and alleging a violation of petitioner's due process rights under the US Constitution and the collective bargaining agreement (hereinafter CBA) between CSEA and respondent. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Petitioner contends that he was entitled to a

pretermination hearing pursuant to the disciplinary procedures set forth in article 33 of the CBA. The issue before this Court is whether petitioner's termination for failure to possess a valid CDL constitutes discipline within the meaning of the CBA or whether his failure to maintain a minimum job qualification renders the disciplinary provisions of the CBA inapplicable.

The requirement that petitioner hold a CDL is contained in the New York State Civil Service Classification Standards which are promulgated pursuant to Civil Service Law § 118 (2) (a). The classification standard for the position of bridge repair mechanic requires, as a minimum qualification for employment, the possession of a "valid New York State Operator's license for the type of vehicles operated" by the employee. The standards clearly indicate that such vehicles include, among others, dump trucks, which require a CDL to operate.

Article 33 of the CBA, entitled "Discipline," provides the "disciplinary procedure for incompetency or misconduct" and applies "in lieu of the procedure specified in the Civil Service Law Sections 75 and 76."[1] Contrary to petitioners' contention, we find that the Court of Appeals' interpretation in *Matter of Felix v New York City Dept. of Citywide Admin. Servs.* (3 NY3d 498 [2004]) as to what constitutes a "disciplinary" action under Civil Service Law § 75 is applicable here.

Initially, we note that petitioners' reliance on our recent decision in *Matter of New York State Off. of Alcoholism & Substance Abuse Servs. (Ortiz)* (62 AD3d 1118 [2009]) is misplaced. Our determination in that CPLR article 75 proceeding was expressly limited to deciding whether it was the province of the court or an arbitrator to interpret whether the job qualification at issue fell within the disciplinary provisions of the applicable CBA.[2] As one factor considered in reaching our determination, we noted the distinctions between the job qualification at issue in that case and the one at issue in *Felix*. Here, however, petitioners have waived their right to arbitration by failing to move to compel arbitration (*see Digitronics Inventioneering Corp. v Jameson*, 52 AD3d 1099, 1100-1101 [2008]). Instead, they have commenced this proceeding to obtain a judicial determination of whether the disciplinary provisions of this CBA are controlling. Thus, it is incumbent upon us to ascertain whether the particular circumstances presented here fall within the principles articulated in *Felix*.

---

1. Likewise, Civil Service Law § 75 applies to "disciplinary penalt[ies]" for "incompetency or misconduct." (Civil Service Law § 75 [1].)

2. Notably, those provisions are not identical to the disciplinary provisions of the CBA involved in this case.

In *Felix,* the Court of Appeals differentiated between the " 'removal of a protected employee charged with delinquencies in the *performance* of [the employee's] job' " (*Matter of Felix v New York City Dept. of Citywide Admin. Servs.,* 3 NY3d at 505, quoting *Mandelkern v City of Buffalo,* 64 AD2d 279, 281 [1978] [emphasis added])—which constitutes discipline—and termination for an employee's failure to possess a minimum qualification for the position which is " 'unrelated to job performance, misconduct or competency' " (*Matter of Felix v New York City Dept. of Citywide Admin. Servs.,* 3 NY3d at 505, quoting *Mandelkern v City of Buffalo,* 64 AD2d at 281)—which does not constitute discipline. In our view, petitioner's failure to hold a valid CDL is not a disciplinary matter, since it renders him unqualified for the position of bridge repair mechanic based upon his off-duty conduct, which is unrelated to any deficient job-related performance, misconduct or lack of competency on his part (*see generally Matter of O'Connor v Board of Educ. of City School Dist. of City of Niagara Falls,* 48 AD3d 1254, 1255 [2008], *lv dismissed* 10 NY3d 928 [2008]; *Matter of Moogan v New York State Dept. of Health,* 8 AD3d 68, 69 [2004], *lv denied* 3 NY3d 612 [2004]). Indeed, petitioner received exemplary job performance evaluations. Thus, we conclude that respondent's termination of petitioner without a hearing was not arbitrary, capricious, contrary to law or a violation of due process.

We have considered petitioners' remaining contentions and find them to be without merit.

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.