■ In the Matter of JAMES CARR et al., Appellants, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [894 NYS2d 557]—

Garry, J. Appeal from a judgment of the Supreme Court (Devine, J.), entered December 4, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Transportation terminating petitioner James Carr's employment.

Petitioner James Carr (hereinafter petitioner) was employed by respondent Department of Transportation (hereinafter respondent) as a Highway Maintenance Worker I and was a member of petitioner Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter CSEA). The New York State Civil Service Classification Standards for a Highway Maintenance Worker I—promulgated pursuant to Civil Service Law § 118 (2) (a)—require that petitioner hold a commercial driver's license (hereinafter CDL). Accordingly, after petitioner's

CDL was revoked due to an alcohol-related driving offense that occurred while he was off-duty, petitioner was terminated for failing to possess a minimum qualification of his position. In administering such termination, respondent did not adhere to the disciplinary procedure set forth in article 33 of the collective bargaining agreement (hereinafter CBA) that it had entered into with CSEA. Petitioners subsequently commenced this CPLR article 78 proceeding challenging the termination on the grounds that it was arbitrary and capricious and violated petitioner's due process rights under the US Constitution and the CBA. Supreme Court dismissed the petition, prompting this appeal.

Article 33 of the CBA sets forth a disciplinary procedure applicable to employee incompetency or misconduct and is expressly "in lieu of the procedure specified in Civil Service Law [§] 75." Inasmuch as petitioners assert that the loss of petitioner's CDL rendered him "incompetent" to perform the functions of his position, they maintain that the disciplinary provisions of article 33 apply here. We disagree and affirm.

In *Matter of Felix v New York City Dept. of Citywide Admin. Servs.* (3 NY3d 498 [2004]), the Court of Appeals recognized a distinction between termination for misconduct—dereliction in the performance of one's job—and termination for failing to possess a minimum qualification of employment, which has no relation to competency, misconduct or job performance (*see id.* at 505; *Mandelkern v City of Buffalo*, 64 AD2d 279, 281 [1978]). Whereas "an act of misconduct invokes Civil Service Law § 75 disciplinary procedures," an employee charged with failing to possess a minimum qualification of his or her position is only entitled to notice of the charge and the opportunity to contest it (*Matter of Felix v New York City Dept. of Citywide Admin. Servs.*, 3 NY3d at 505-506). Inasmuch as we conclude that "petitioner's failure to hold a valid CDL is not a disciplinary matter, since it renders him unqualified for the position of [highway maintenance worker] based upon his off-duty conduct, which is unrelated to any deficient job-related performance, misconduct or lack of competency on his part" (*Matter of Stolzman v New York State Dept. of Transp.*, 68 AD3d 1331, 1333 [2009]; *see generally Matter of O'Connor v Board of Educ. of City School Dist. of City of Niagara Falls*, 48 AD3d 1254, 1255 [2008], *lv dismissed* 10 NY3d 928 [2008]; *Matter of Moogan v New York State Dept. of Health*, 8 AD3d 68, 69 [2004], *lv denied* 3 NY3d 612 [2004]), Supreme Court properly decided that the CBA's disciplinary provisions were inapplicable and dismissed the petition.

Moreover, prior to his termination, respondent sent petitioner

a letter indicating its belief that he no longer possessed a minimum qualification of his position, and afforded him the opportunity to present documentation establishing that he maintained a valid CDL. Accordingly, while petitioner's inability to do so resulted in his termination, he was not deprived of his due process rights (*see Matter of Felix v New York City Dept. of Citywide Admin. Servs.*, 3 NY3d at 506). Petitioner's remaining contentions, to the extent not specifically referenced herein, have been considered and are determined to be without merit (*see generally Matter of Stolzman v New York State Dept. of Transp., supra*).

Cardona, P.J., Peters, Spain and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.