OPINION OF THE COURT
Peters, P.J.
Petitioner was employed as a police officer by respondent Albany Police Department (hereinafter APD). In December 2010, his driver’s license was temporarily revoked in connection with charges brought against him for driving while intoxicated. Thereafter, respondent Steven Krokoff, the Chief of Police of the APD, advised petitioner by letter that possession of a valid driver’s license was a minimum qualification for APD police officers and afforded him an opportunity to provide documentation regarding the status of his license. After petitioner acknowledged that his driver’s license had been “suspended pending prosecution and revoked for refusal to submit to a chemical test” (Matter of Lutz v Krokoff, 35 Misc 3d 841, 842 [2012]), his employment was terminated for failure to meet the minimum qualifications for his position. Petitioner commenced this CPLR article 78 proceeding challenging the termination as arbitrary and capricious and affected by an error of law, which Supreme Court dismissed, prompting this appeal.
It is settled that the failure to maintain a minimum qualification of employment is not an act of misconduct or one related to job performance that would invoke the disciplinary procedures mandated by Civil Service Law § 75 (see Matter of New York State Off. of Children & Family Servs. v Lanterman, 14 NY3d 275, 282 [2010]; Matter of Felix v New York City Dept. of Citywide Admin. Servs., 3 NY3d 498, 505 [2004]; Matter of Stolzman v New York State Dept. of Transp., 68 AD3d 1331, 1333 [2009], lv denied 14 NY3d 708 [2010]). Rather, “an employee charged with failing to possess a minimum qualification of his or her position is only entitled to notice of the charge and the opportunity to contest it” (Matter of Carr v New York State *148 Dept. of Transp., 70 AD3d 1110, 1111 [2010], lv denied 14 NY3d 709 [2010]; see Matter of Felix v New York City Dept. of Citywide Admin. Servs., 3 NY3d at 505-506). Here, petitioner asserts that since possession of a valid driver’s license was not an express condition or requirement of his employment, Krokoff erred in terminating him without a hearing.[1] We agree.
Pursuant to Civil Service Law § 20, the Municipal Civil Service Commission of the City of Albany is responsible for promulgating rules, including class specifications, governing civil service positions within the City. Such rules have the force and effect of law (see Matter of Albano v Kirby, 36 NY2d 526, 529 [1975]; Matter of Jandrew [County of Cortland], 84 AD3d 1616, 1619 [2011]). The class specification for “Police Officer” established by the Municipal Civil Service Commission sets forth the “Distinguishing Features of the Class,” the “Typical Work Activities,” the “Full Performance Knowledge, Skills, Abilities and Personal Characteristics” and the “Minimum Qualifications” for the class. Significantly, the only defined “Minimum Qualification[ ]” is “[graduation from high school, or possession of a high school equivalency or comparable diploma.” Thus, as respondents concede, possession of a valid driver’s license is not specifically listed as a minimum qualification for the position of a police officer.
Nevertheless, focusing on the category entitled “Full Performance Knowledge, Skills, Abilities and Personal Characteristics,” which enumerates, among other things, the “[a]bility to operate an automobile,” respondents argue that the requirement that a police officer possess a valid driver’s license as a qualification of employment can be inferred from the class specification. However, summary dismissal of an employee based merely upon an inference cannot be countenanced. Where summary dismissal has been upheld for failure to maintain a minimum qualification of employment, the qualification at issue has been clearly and explicitly set forth (see e.g. Matter of New York State Off. of Children & Family Servs. v Lanterman, supra [certification requirement for teacher contained in civil service classification standard, and requirement that counselor be credentialed as alcoholism and substance abuse counselor set forth in *149 governing regulations]; Matter of Felix v New York City Dept. of Citywide Admin. Servs., supra [residency requirement contained in local law]; Matter of Carr v New York State Dept. of Transp., supra [requirement that employee hold a commercial driver’s license listed as a “minimum qualification of employment” in civil service classification standards]; Matter of Stolzman v New York State Dept. of Transp., supra [same]; Matter of O’Connor v Board of Educ. of City School Dist. of City of Niagara Falls, 48 AD3d 1254 [4th Dept 2008], lv dismissed 10 NY3d 928 [2008] [residency requirement set forth in employment agreement]; Matter of Sorano v City of Yonkers, 37 AD3d 839 [2d Dept 2007] [residency requirement contained in statute]; Mandelkern v City of Buffalo, 64 AD2d 279 [4th Dept 1978] [residency requirement established under local law]). Indeed, the “[a]bility” to operate a motor vehicle[2]— set forth among other qualities and attributes such as “[g]ood social and general intelligence,” “[g]ood powers of observation,” “[a]bility to be courteous yet firm with the public” and “[n]eatness of appearance”—could simply be a skill desirable for the position, rather than a necessary prerequisite to employment.
Towards that end, the record evidence establishes that almost one third of the police officers employed by the APD perform functions other than patrol. Moreover, of the 200 officers assigned to patrol, at least 33 are regularly assigned to patrol by means other than motor vehicle. Further support for this contrary inference may be found in the APD’s Standard Operating Procedures, which specifically states that a police officer shall “[p]ossess a valid New York State driver[’]s license, whenever required as a condition of employment” (emphasis added). This conditional language certainly suggests that there are police officers in the APD who are not required to possess a driver’s license as a necessary condition of employment.[3]
While cases in this realm have not specifically addressed the issue of notice, in our view, both due process and fundamental fairness require that a qualification or requirement of employ *150 ment be expressly stated in order for an employer to bypass the protections afforded by the Civil Service Law or a collective bargaining agreement and summarily terminate an employee. Indeed, such notice and specificity was provided by the Municipal Civil Service Commission of the City of Albany in the class specification for a City of Albany firefighter, which explicitly requires the possession of a valid New York State driver’s license at the time of employment and throughout the duration thereof. For these reasons, we conclude that Krokoffis termination of petitioner without a hearing was both arbitrary and capricious and contrary to law.
Rose, Spain and Garry, JJ., concur.
Ordered that the judgment is reversed, on the law, without costs, and petition granted.

. Petitioner also claims that the determination was arbitrary because no other police officer in the history of the APD has been terminated for failing to possess a valid driver’s license. As petitioner presented nothing more than his bare and conclusory allegations in this regard, Supreme Court properly dismissed this claim.

. Which is necessarily more expansive than possession of a valid driver’s license.

. We are not suggesting that the Standard Operating Procedures can serve as a basis for establishing a minimum qualification of employment. Rather, such record evidence serves to demonstrate the existence of a valid inference—contrary to that suggested by respondents—that may be drawn from the language contained in the class specification, and underscores our conclusion that a qualification or requirement of employment must be clearly and explicitly set forth.