# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**524**

**CA 15-01750**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF KENNETH M. BUTKOWSKI,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

BRENDAN J. KIEFER, AS CHIEF OF VILLAGE OF
KENMORE FIRE DEPARTMENT, AND VILLAGE OF
KENMORE, RESPONDENTS-RESPONDENTS.

---

LAW OFFICES OF W. JAMES SCHWAN, BUFFALO (W. JAMES SCHWAN OF COUNSEL),
FOR PETITIONER-APPELLANT.

BOND, SCHOENECK & KING, PLLC, BUFFALO (MARK A. MOLDENHAUER OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered January 7, 2015 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondents to dismiss the amended petition and dismissed the amended petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the amended petition is reinstated, and the amended petition is granted.

Memorandum: On March 5, 2014, petitioner commenced this proceeding seeking an order directing respondents to reinstate him to his part-time firefighter position with the Village of Kenmore Fire Department, together with back pay and benefits. By letter dated November 13, 2013, respondent Village of Kenmore advised petitioner that his employment was terminated, effective that day, because his certification as a first responder or as an emergency medical technician had expired. Pursuant to CPLR 7804 (f), respondents moved to dismiss the amended petition on various grounds, and Supreme Court granted the motion on the ground that the proceeding was time-barred. That was error.

We agree with petitioner that this proceeding was in the nature of mandamus to compel inasmuch as he was entitled to a hearing pursuant to Civil Service Law § 75 (1) (c), but no such hearing was held (*see generally Matter of De Milio v Borghard*, 55 NY2d 216, 219). Respondents contend that no hearing was required because petitioner lacked a qualification for his employment, which is "separate and

distinct from an act of misconduct by a municipal employee in the performance of his or her work" (*Matter of Felix v New York City Dept. of Citywide Admin. Servs.*, 3 NY3d 498, 505; *see Matter of New York State Off. of Children & Family Servs. v Lanterman*, 14 NY3d 275, 282-283).  In *Felix* and other cases relied upon by respondents, however, there was a local law, ordinance, or regulation setting forth the employment requirement (*see Felix*, 3 NY3d at 501-502 [local law]; *Matter of Stolzman v New York State Dept. of Transp.*, 68 AD3d 1331, 1332 [civil service classification standard], *lv denied* 14 NY3d 708; *Mandelkern v City of Buffalo*, 64 AD2d 279, 280 [ordinance]).  Similarly, in *Lanterman*, the collective bargaining agreement set forth the credentials required of the employee (*id.* at 282-283).  Here, respondents did not rely on any rule, ordinance, or regulation, but rather relied on a collective bargaining agreement that applied only to full-time firefighters, not to part-time firefighters such as petitioner.  "[B]oth due process and fundamental fairness require that a qualification or requirement of employment be expressly stated in order for an employer to bypass the protections afforded by the Civil Service Law or a collective bargaining agreement and summarily terminate an employee" (*Matter of Lutz v Krokoff*, 102 AD3d 146, 149-150, *lv denied* 20 NY3d 860).

In a proceeding in the nature of mandamus to compel, the statute of limitations runs from the date the petitioner's demand for reinstatement is refused (*see De Milio*, 55 NY2d at 220).  Petitioner's commencement of this CPLR article 78 proceeding constitutes such a demand (*see Matter of Speis v Penfield Cent. Schs.*, 114 AD3d 1181, 1182-1183; *Matter of Thomas v Stone*, 284 AD2d 627, 628, *lv dismissed* 96 NY2d 935, *lv denied* 97 NY2d 608, *cert denied* 536 US 960), and therefore this proceeding is not barred by the statute of limitations.  We reject respondents' alternative ground for affirmance (*see Matter of Harnischfeger v Moore*, 56 AD3d 1131, 1131-1132; *see generally Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546), i.e., that service of the petition and notice of petition was untimely pursuant to CPLR 306-b.  We construe respondents' motion to dismiss as a refusal of petitioner's demand for reinstatement (*see generally Thomas*, 284 AD2d at 628), which began the running of the statute of limitations.  Thus, at the time respondents made their motion, petitioner still had time to serve his pleadings within the time limits of CPLR 306-b.

We reject respondents' further alternative ground for affirmance that this proceeding is barred by the doctrine of laches.  A petitioner may not unreasonably delay in making a demand or the proceeding will be barred by laches (*see Speis*, 114 AD3d at 1182; *Matter of Densmore v Altmar-Parish-Williamstown Cent. Sch. Dist.*, 265 AD2d 838, 839).  Inasmuch as petitioner commenced this proceeding less than four months after he was terminated and the right to make the demand for reinstatement arose, we conclude that respondents' contention is without merit (*cf. Thomas*, 284 AD2d at 628; *Densmore*, 265 AD2d at 839).

Finally, respondents contend as another alternative ground for

affirmance that the amended petition should be dismissed because the determination to terminate petitioner was not arbitrary and capricious or contrary to law.  We reject that contention, and we conclude that the termination of petitioner without a hearing is arbitrary and capricious (*see Lutz*, 102 AD3d at 150).  Ordinarily, when a motion to dismiss is denied, "the court shall permit the respondent to answer, upon such terms as may be just" (CPLR 7804 [f]).  Where, however, the "facts are so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer," a remittal to allow the respondent to file an answer is not necessary (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY3d 100, 102; *see Matter of Kickertz v New York Univ.*, 25 NY3d 942, 944).  Upon examining the submissions of the parties, we conclude that there exists no issue " 'which might be raised by answer concerning the merits of the petitioner's application' " (*Matter of Julicher v Town of Tonawanda*, 34 AD3d 1217, 1217; *see Matter of Kuzma v City of Buffalo*, 45 AD3d 1308, 1310-1311; *cf. Matter of Timmons v Green*, 57 AD3d 1393, 1394-1395).  Indeed, counsel for respondents indicated during oral argument of this appeal that it would be appropriate for this Court to render a decision on the merits if we disagreed with their contentions raised on the appeal, and counsel did not request an opportunity to submit an answer.  We therefore reverse the judgment and grant the amended petition seeking reinstatement, as well as back pay and benefits, to the date of the commencement of this proceeding (*see Matter of Diggins v Honeoye Falls-Lima Cent. Sch. Dist.*, 50 AD3d 1473, 1474).

Entered:  June 17, 2016                           Frances E. Cafarell
                                                  Clerk of the Court