Matter of Jakubowicz v Village of Fredonia (2018 NY Slip Op 02059)





Matter of Jakubowicz v Village of Fredonia


2018 NY Slip Op 02059


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


232 CA 17-01187

[*1]IN THE MATTER OF JASON JAKUBOWICZ AND CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000 AFSCME, VILLAGE OF FREDONIA UNIT 6313 OF LOCAL 807, PETITIONERS-RESPONDENTS,
v
VILLAGE OF FREDONIA, RESPONDENT-APPELLANT. (APPEAL NO. 2.) 






HORTON LAW PLLC, ORCHARD PARK (SCOTT P. HORTON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
FESSENDEN, LAUMER & DEANGELO, PLLC, JAMESTOWN (CHARLES S. DEANGELO OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Chautauqua County (Frank A. Sedita, III, J.), entered April 17, 2017 in a proceeding pursuant to CPLR article 78. The judgment granted the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Village of Fredonia (Village), the petitioner in appeal No. 1 and the respondent in appeal No. 2, appeals, and Civil Service Employees Association, Inc., Local 1000, AFSCME, Village of Fredonia Unit 6313 of Local 807 (Union), the respondent in appeal No. 1 and a petitioner in appeal No. 2, cross-appeals from an order in appeal No. 1 that dismissed the Village's CPLR article 75 petition seeking a stay of arbitration and denied the Union's cross motion to compel arbitration. In appeal No. 2, the Village appeals from a judgment in which Supreme Court granted a subsequent CPLR article 78 petition brought by the Union and petitioner Jason Jakubowicz and ordered that Jakubowicz be fully reinstated to his former employment with full back pay and benefits retroactive to the date of his termination.
We first address appeal No. 2. The Village, as limited by its brief, contends that a commercial driver's license is a minimum qualification for Jakubowicz's position as a Mechanic II in the Village and that his failure to maintain such minimum qualification required the termination of his employment. We reject that contention. The Mechanic II position in the Village requires, inter alia, "[p]ossession, at time of appointment and during service in this classification, of a valid NYS Motor Vehicle Operator's license appropriate for the type of vehicles which the employee may from time to time operate." " [B]oth due process and fundamental fairness require that a qualification or requirement of employment be expressly stated in order for an employer to bypass the protections afforded by the Civil Service Law or a collective bargaining agreement and summarily terminate an employee' " (Butkowski v Kiefer, 140 AD3d 1755, 1756 [4th Dept 2016]). Here, the requirement of a commercial driver's license is not "expressly stated" (id.). Furthermore, while "an employee charged with failing to possess a minimum qualification of his or her position is only entitled to notice of the charge and the opportunity to contest it" (Matter of Carr v New York State Dept. of Transp., 70 AD3d 1110, 1111 [3d Dept 2010]), the Village here offered Jakubowicz a hearing "to afford [him] the opportunity to present information to the Village why [he] should not be administratively terminated from employment." There is no dispute that a hearing was never held. For the above reasons, we conclude that the court properly determined that Jakubowicz's termination was arbitrary and capricious (see CPLR 7803 [3]).
In view of our determination in appeal No. 2, we dismiss as academic the appeal from the order in appeal No. 1 (see generally McCabe v CSX Transp., Inc., 27 AD3d 1150, 1151 [4th Dept 2006]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court