Matter of Clarke v Board of Educ. of the City Sch. (2023 NY Slip Op 00945)

Matter of Clarke v Board of Educ. of the City Sch.

2023 NY Slip Op 00945

Decided on February 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 21, 2023

Before: Renwick, J.P., Manzanet-Daniels, Oing, Moulton, González, JJ. 

Index No. 160787/21, 160829/21, 160725/21, 160821/21 Appeal No. 16710-16711-16712-16713 Case No. 2022-01699, 2022-01700, 2022-01701, 2022-01702 

[*1]In the Matter of Athena Clarke, Petitioner-Appellant,
v
The Board of Education of the City School etc., et al., Respondents-Respondents.
In the Matter of Crystal Salas, Petitioner-Appellant,
v
The Board of Education of the City School District of the City of New York et al., Respondents-Respondents.
In the Matter of Rachel Maniscalco Petitioner-Appellant,
v
The Board of Education of the City School District of the City of New York et al., Respondents-Respondents.
In the Matter of Joan Giammarino, Petitioner-Appellant,
v
The Board of Education of the City School District of the City of New York et al., Respondents-Respondents.

Jimmy Wagner, Brooklyn, for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondents.

Orders, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about March 21, March 18, March 16, and March 21, 2022, respectively, which granted respondents' (DOE) motions to dismiss the petitions to annul the October 2, 2021 determinations to place petitioners on leave without pay and to vacate a September 10, 2021 arbitration award (Impact Award), and dismissed these hybrid proceedings brought pursuant to CPLR articles 75 and 78, unanimously affirmed, without costs.
As Supreme Court found in each proceeding, the requirement that every DOE employee be vaccinated against COVID-19 — imposed by the vaccine mandate underlying these proceedings, the validity of which petitioners do not challenge here — is a "qualification of employment unrelated to job performance, misconduct or competency" (Broecker v New York City Dept. of Educ., 585 F Supp 3d 299, 318 [ED NY 2022]; see Matter of Beck-Nichols v Bianco, 20 NY3d 540, 558-559 [2013]; see also We The Patriots USA, Inc. v Hochul, 17 F4th 266, 287 [2d Cir 2021], clarified 17 F4th 368 [2d Cir 2021], cert denied  US , 142 S Ct 2569 [2022] [vaccine mandates for healthcare workers have been conditions of employment for decades]). Petitioners' union, the United Federation of Teachers (UFT), sought to negotiate the mandate's implementation with the DOE pursuant to their "mutual obligation" to "confer in good faith with respect to wages, hours, and other terms and conditions of employment," since the mandate was not part of the collective bargaining agreement (CBA) then in force (Civil Service Law § 204[3]; see Matter of Roma v Ruffo, 92 NY2d 489, 494 [1998]). UFT submitted a declaration of impasse to the State Public Employee Relations Board due to several unresolved issues, including placement of unvaccinated employees on leave without pay, leading to arbitration proceedings and resulting in the Impact Award (see Civil Service Law § 209[2], [3]).
Petitioners' claims under CPLR article 75, that the arbitrator acted in excess of jurisdiction and in violation of public policy, fail on the merits and due to petitioners' lack of standing. Contrary to petitioners' contention, the arbitrator's authority did not arise from the terms of the existing CBA or from provisions of the Education Law governing disciplinary proceedings but was instead based on the Civil Service Law. Notably, "grievance or rights arbitration seeks adjudication while collective negotiation of interest disputes . . . settle[] basic terms and conditions of employment not previously agreed upon" and is subject to voluntary arbitration when Civil Service Law § 209 is invoked (Matter of City of Newburgh v Newman, 69 NY2d 166, 170-171 [1987]). Accordingly, petitioners, who were not parties to the arbitration, cannot challenge the Impact Award because they cannot show that the arbitrator "exceeded his power" (CPLR 7511[b][1][iii], [2][ii]; see also Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, 14 [*2]NY3d 119, 123 [2010] [the petitioner must show that award "clearly exceeds a specifically enumerated limitation on the arbitrator's power"]).
Petitioners' argument that the Impact Award violated public policy, by allowing unilateral placement on leave without pay for failure to prove vaccination status and directing that it "not be considered a disciplinary action for any reason," was properly rejected, for the same reason that their CPLR article 78 claims were properly dismissed. Specifically, their placement on leave for failure to prove vaccination, a condition of employment, is "unrelated to job performance, misconduct or competency" and does not constitute "teacher discipline" (see Matter of Beck-Nichols, 20 NY3d at 558-559; Matter of Felix v New York City Dept. of Citywide Admin. Servs., 3 NY3d 498, 505 [2004]; Matter of Koutrous v Department of Educ. of the City of N.Y., 129 AD3d 434, 435 [1st Dept 2015]). In this regard, "'[d]iscipline' refers 'not merely to action that has an adverse impact, but adverse action that is motivated by a punitive intent'" (Monaco v New York Univ., 204 AD3d 51, 63 [1st Dept 2022], quoting Matter of Soriano v Elia, 155 AD3d 1496, 1498-1499 [3d Dept 2017], lv denied 31 NY3d 913 [2018]). As such, contrary to petitioners' contention, Education Law §§ 3020 and 3020-a "are inapplicable inasmuch as they address issues relating to a teacher's competency and the applicable disciplinary procedures and penalties attendant thereto" (Matter of O'Connor v Board of Educ. of City School Dist. of City of Niagara Falls, 48 AD3d 1254, 1255 [4th Dept 2008], lv dismissed 10 NY3d 928 [2008]).
Moreover, because petitioners were given the opportunity to submit proof of vaccination, request religious or medical exemptions and accommodations if immunocompromised, or opt for extended benefits and severance on more favorable terms, their due process rights were not violated (see Matter of Felix, 3 NY3d at 506).
We note that petitioners failed to join a necessary party, UFT, which advocated successfully for the exemptions, accommodations, and extended benefits for teachers otherwise unwilling to be vaccinated, all of which were prescribed in the Impact Award (CPLR 1001; see City of New York v Long Is. Airports Limousine Serv. Corp., 48 NY2d 469, 475-476 [1979]).
We have considered petitioners' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 21, 2023